UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARDIS L. WILSON, | |
| Plaintiff, | NO.  CV-07-5070-EFS |
| vs. | **ORDER DISMISSING COMPLAINT** |
| DEPARTMENT OF CORRECTIONS, RENEE COOPER, STEVEN HOLMES, and BRADLEY RICHMOND, | **1915(g)** |
| Defendants. | |

By Order filed April 10, 2008, the Court advised Plaintiff, a *pro se* prisoner at the Benton County Jail, of the deficiencies of his initial complaint and directed him to amend or voluntarily dismiss.  A copy of this Order, sent to Plaintiff at the Benton County Jail, was returned with the notations "return to sender," "NIC," and "unable to deliver" on April 18, 2008.  Mr. Wilson did not keep the Court apprised of his change in address and he has filed nothing further in this action.

In his complaint, Mr. Wilson claimed he was subjected to an unconstitutional search.  He complains "evidence" found during that search was introduced "into evidence" against him.  It was not clear from the complaint what charges followed the search or the resolution of such charges.

ORDER DISMISSING COMPLAINT -- 1

To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  A § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000).  Plaintiff has made no such showing.

Furthermore, the Court declines to intervene in any pending state court criminal proceedings, *see Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (district court should abstain from entertaining 1983 action where claims can be raised in ongoing criminal proceeding); *Younger v. Harris*, 401 U.S. 37 (1971).  Plaintiff has adequate opportunity and means to challenge the fairness of his criminal trial in the state appellate system, and through subsequent state and federal habeas corpus proceedings if necessary.

Finally, Plaintiff's allegation that Defendants acted negligently in conducting the search is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  Having granted Plaintiff the opportunity to amend or voluntarily dismiss his complaint and Plaintiff having failed to keep the Court apprized of his change of address, **IT IS ORDERED** the complaint is **DISMISSED** for failure to state a cognizable §

ORDER DISMISSING COMPLAINT -- 2

1983 claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **without prejudice** to Plaintiff filing an appropriate state court action or habeas corpus petition.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.   This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.   The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.   The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this  23rd day of June 2008.


                                   s/Edward F. Shea
                                  EDWARD F. SHEA
                           UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\7cv5070efs-6-26-dis1915.wpd

ORDER DISMISSING COMPLAINT -- 3